**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BERNARD CARBONE,<br><br>Defendant. | Cr. No. 04-00076-01S |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO MODIFY SENTENCE**

The Government opposes defendant Bernard Carbone's motion to modify his sentence for the reasons set forth below.

## I. BACKGROUND

On August 24, 2004, Defendant pled guilty to a two-count Information charging him with filing false income tax returns in violation of 26 U.S.C. § 7206(1). On November 19, 2004, this Court sentenced Defendant to a term of imprisonment of six months followed by one year of supervised release with the special conditions, among others, that Defendant serve the first five months thereof on home confinement with electronic monitoring and that Defendant serve 20 hours of community service per week. Carbone was released from prison June 17, 2005. Although Defendant made no objection to any aspect of the sentence at the time it was imposed, he now moves this Court to reduce his community service commitment to only four hours per week–a 75% reduction–on the ground that the 20 hours per week requirement imposes a financial hardship on him.

## II. ARGUMENT

The Court has the authority to impose any condition of supervised release that is reasonably related to (1) the defendant's offense, history, and characteristics; (2) the need to deter the defendant from further criminal conduct; (3) the need to protect the public from further crimes by the defendant; and (4) the effective educational, vocational, medical, or other correctional treatment of the defendant. U.S.S.G. § 5D1.3(b)(1); see also 18 U.S.C. § 3583(d)(1); United States v. Peppe, 80 F.3d 19, 23 (1st Cir.1996). Although these factors are connected by the word "and," see § 3583(d)(1); § 5D1.3(b)(1), "the critical test is whether the challenged condition is sufficiently related to one or more of the permissible goals of supervised release." United States v. York, 357 F.3d 14, 20 (1st Cir. 2004).

Under 18 U.S.C. § 3583(d), the district court may impose any special condition of supervised release that it considers "appropriate," provided that the condition satisfies certain specified criteria. York, 357 F.3d at 19. One such criterion is that the condition imposed be "reasonably related to the factors set forth in section 3553(a)(1)." Id. § 3583(d)(1). Section 3553(a)(1), in turn, requires the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." See also U.S.S.G. § 5D1.3(b). York, 357 F.3d at 19.

In this case, defendant Carbone was ordered to perform 20 hours per week of plumbing services for underprivileged people in part because Defendant subscribed to false tax returns that claimed the Earned Income Credit, a tax break intended to benefit the working poor.

As an initial matter, it is undisputed that Carbone failed to object to this Court's sentence at the time it was imposed. Indeed, Carbone was released from prison nearly three months ago

on June 17, 2005 and has already completed nearly sixty percent of his term of home confinement. "When a defendant fails to object to a condition of supervised release that is among the conditions recommended in the Sentencing Guidelines, the defendant has waived his objection." United States v. El-Samad, No. 03-6166, 2005 WL 2002507, at *2 (10th Cir. Aug. 22, 2005).[1] Accordingly, Defendant's motion to modify his sentence should be viewed through the lens of his waiver.

Defendant claims the special condition that he perform 20 hours per week of community service is excessive because it imposes a financial hardship on him. He specifically states that Providence Community Action's requirement that his work for that organization take place between the hours of 12:00 p.m. and 4:00 p.m., i.e., during normal business hours, "imposes a sever (sic) hardship on the Defendant" by precluding him from securing an adequate volume of paid employment.[2] Even assuming there is no alternative community service recipient that would permit Defendant to work a different set of hours more appealing to him, he overlooks two critical facts in making the claim that this special condition is excessive.

First, Defendant overlooks the simple fact that this special condition, along with his term of imprisonment and the requirement of home confinement, is *punishment* or, as the Guidelines state, "deterrence to criminal conduct." U.S.S.G. § 5D1.3(b). See United States v. Gilchrist, 130

---

[1] A defendant *appealing* the imposition of a special condition of supervised release is subject to a plain error standard of review, where the "hurdle is high." United States v. Allen, 312 F.3d 512, 514 (1st Cir. 2002). See also El-Samad, 2005 WL 2002507, at *2 (same).

[2] Defendant cites a pre-Guidelines case, Higdon v. United States, 627 F.2d 893 (9th Cir. 1980), for the proposition that a court cannot order a work schedule that leaves insufficient time for paid employment. The sentencing court in that case ordered the defendant to work full-time for a charity for three years, a total of 6200 hours. Id. at 896. The community service requirement in the instant case–only 20 hours per week for one year–is readily distinguishable.

F.3d 1131, 1134 (3rd Cir. 1997) ("Supervised release is punishment; it is a deprivation of some portion of one's liberty imposed as a punitive measure for a bad act.") It is proper for one to be punished for committing a crime. In seeking a reduction of his punishment, Defendant asks the Court to slash his 1040 hours of community service down to only 400 hours, a reduction of more than 60%. If the Court, however, had initially imposed a term of incarceration of 12 months instead of only five–which sentence would still have been within the applicable Federal Sentencing Guidelines range–Defendant would still be in prison without the ability to earn *any* income.[3]

As evidence of this oversight, Defendant cites United States v. Paul, No. 01-1284, 2003 WL 173059 (6th Cir. Jan. 23, 2003), for the proposition that courts can impose lengthy community service requirements for specific purposes, none of which, he claims, are present in this case. The court in the Paul case sentenced the defendant, also a tax offender, to community service so that he might learn how others live. The court stated, "This special condition [of community service] is intended to serve the permissible goal of rehabilitation." Id. at *15. Once again, the Government submits the special condition in the instant case that Defendant perform 20 hours of community service per week for one year serves an equally permissible goal: punishment.

Second, Defendant is a self-employed plumbing contractor. Accordingly, to a large degree, he can set his own hours on paid projects. He may have to start such projects earlier in

[3] In fact, assuming a 40 hour per week work schedule, those extra seven months of incarceration would have displaced more than 1120 hours of possible paid employment, a more severe punitive consequence of an indisputably appropriate sentence.

the day or finish them later in the day than he would wish, but there are still ample hours in the day to work for compensation.[4]

Defendant notes that the application note to U.S.S.G. § 5F1.3 suggests a ceiling of 400 total hours of community service. The basis for that figure, however, is not any undue burden on the defendant. Rather the application note states that "[l]onger terms of community service impose heavy administrative burdens relating to the selection of suitable placements and the monitoring of attendance." Id. Defendant's motion indicates that a suitable placement is already available for him to begin community service. Moreover, neither Defendant nor the Probation Officer has raised any objection regarding the monitoring of Defendant's community service. As such, the potential for financial hardship is not a relevant consideration under the Guidelines.

Moreover, each and every one of the cases Defendant cites that address this commentary *upheld* the imposition of a higher number of community service hours. El-Samad, 2005 WL 2002507 at *3; Paul, 2003 WL 173059 at *15; United States v. Graham, 946 F.2d 19, 22 (4th Cir. 1991); United States v. Posner, 694 F.Supp. 881, 889 (S.D. Fla. 1988). Defendant tries to distinguish himself from the defendants in those cases by pointing out they were more affluent than he is. Defendant provides no factual support for that assertion. Further, the courts in those decisions never based their support of the number of community service hours on the ground that the defendants were wealthy. Indeed, the Posner court justified the community service requirement on the ground it would teach the defendant "honesty, and, above all, a sense of

[4] If Defendant's home confinement restrictions make working early morning or evening hours difficult, the appropriate remedy would be to modify those restrictions for the limited purpose of permitting such work. Indeed, as noted above, his home confinement term is nearly 60% complete already.

CERTIFICATE OF SERVICE

This is to certify that I have this day delivered a copy of the foregoing to:

Justin S. Holden, Esq.
Holden & O'Brien, Inc.
170 Westminster Street, Suite 301
Providence, RI 02903
Fax: (401) 421-3380

/s/ TIMOTHY D. BELEVETZ
Trial Attorney
U.S. Department of Justice, Tax Division
(202) 514-5117

respect for the law." 694 F.Supp. at 884. The Government submits those same considerations should motivate the Court's denial of the present motion.

## III. CONCLUSION

In short, the sentence imposed by the Court was well within its authority, Defendant raised no contemporaneous objection to the sentence, and Defendant fails to present any persuasive basis for modifying the sentence now. Accordingly, the motion should be denied.

Respectfully submitted this 14th day of September, 2005.

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

By: ______________________
TIMOTHY D. BELEVETZ
JOHN P. MCADAMS
Trial Attorneys
U.S. Department of Justice, Tax Division